**DECKANT, Plaintiff-Appellant, v. CLEVELAND (City), Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21867. Decided October 25, 1950.

Coleman Kiss & Albert H. Kiss, Cleveland, for plaintiff-appellant.

Robert J. Shoup, John G. Cardinal, E. Sheldon Wirts, Cleveland, for defendant-appellee.

(CONN, PJ, FESS, J, and CARPENTER, J, of the Sixth District sitting by designation in the Eighth District.)

## OPINION

By FESS, J.:

Appeal on questions of law from judgment entered upon a verdict on behalf of the defendant.

Plaintiff was a passenger in an automobile operated in an easterly direction on St. Clair Avenue in the city of Cleveland, upon which the defendant maintained a double set of street car rails. Automobiles were parked along the southerly curb of the street. Plaintiff's driver turned to his left onto the street car rails. The south rail was two inches higher than the brick pavement adjacent thereto for a distance of approximately 80 feet. It was raining and the street was in a slippery condition, and when the driver turned to his left to avoid the cars parked on his right, the front wheels of his car caught in the rail, skidded to the northerly side of the street and collided with a west-bound automobile. As a result of the impact, plaintiff was thrown out upon the pavement and sustained injuries.

In her petition plaintiff alleged that her injuries were caused by the negligence of the defendant in maintaining St. Clair Avenue in such condition as to constitute a nuisance in that the street car rail was maintained approximately two inches above the pavement; that such condition was dangerous and unsafe for vehicular traffic and that it had existed for many months. The answer was a general denial.

At the conclusion of the evidence upon plaintiff's request, the court correctly charged the jury upon the duty of the defendant to keep its streets open, in repair and free from nuisance. But upon request of the defendant, the court gave the following instruction, which is assigned as error:

"1. The Court instructs you, as a matter of law, that the City of Cleveland is not an insurer of the safety of persons in the use of its streets. The City is not obliged to keep its streets in such condition that it is impossible for accidents to happen. **The City cannot be held responsible for injuries caused by every depression, difference in grade, or unevenness in the streets.**" (Emphasis ours.)

The court also, at defendant's request, instructed the jury:

"2. The Court instructs you, as a matter of law, that the City cannot be expected to have its streets perfectly smooth and free from all unevenness and is not required to have them in a state of perfection; it is held to reasonable care only,

and is not bound to anticipate improbable or unprecedented events and provide against their possible results."

In his general charge, the court said:

"Under the law of the State of Ohio a municipality, and Cleveland of course is a municipality, is obligated to keep its streets open, in repair and free from nuisance. That is the statutory obligation which the City of Cleveland owes, that the City of Cleveland is obligated to perform for people in the rightful use of the streets. That does not mean that the City is an insurer. It does mean that the City must use ordinary and reasonable care to so maintain its streets as to be in a reasonably safe condition for the usual and customary mode of travel upon its streets."

The duty resting upon municipal corporations, under §3714 GC, to keep their streets and other public ways open, in repair and free from nuisance, requires only reasonable care and vigilance, in view of all the surroundings, to keep such streets and ways in a reasonably safe condition for travel in the usual and ordinary modes, and does not exact that which is unreasonable or impracticable. Municipal corporations are not insurers of the safety of their public ways, and are liable only for negligence in creating a faulty condition in such ways, or in failing to repair, remove or guard against defects or obstructions thereon, after actual or constructive notice of their existence. The standard of care required to be exercised by municipal authorities in keeping streets in repair and free from nuisance is that care which persons of reasonable and ordinary prudence exercise under like circumstances and conditions.

Taylor v. Cincinnati, 143 Oh St 426; Cleveland v. Amato, 123 Oh St 575.

The charge complained of was taken from the language of the opinion in East Cleveland v. Wald, 103 Oh St 373, reading as follows:

"A municipal corporation is not an insurer of the safety of persons in the use of its streets and sidewalks. City of Dayton v. Glaser, 76 Oh St 471, and Gibbs v. Village of Girard, 88 Oh St 34.

"While a municipality must generally respond in damages for injuries caused by its negligence, acts, or omissions in connection with the streets and sidewalks under its care and control, it cannot be held responsible for injuries caused by every depression, difference in grade, or unevenness in

sidewalks. (Cordish v. Bloom, Court of Appeals, Md., March 1st, 1921 [113 Atl. Rep. 578].)"

The charge as given is an apt illustration of the rule that although an excerpt from an opinion is not necessarily erroneous, the practice is not approved and may provoke error.

American Hard Rubber Co. v. Pierce, 18 O. C. C. n. s., 278, 284, 43 O. C. C. 32. It will be noted that the instant charge incorporated only a portion of the sentence quoted from Cordish v. Bloom, supra, and eliminated the qualifying phrase.

As in the case of a general charge, an excerpt therefrom will be considered in the light of the charge as a whole, a special charge will also be considered in connection with other special charges. **Construction Co. v. Glass, 122 Oh St 398; Dietsch v. Mayberry, 70 Oh Ap 527.**

Defendant asserts that viewed in the light of the other special charges and the general charge, the court correctly charged the jury on the issues and the giving of the charge in question was not prejudicial. In support thereof, defendant cites **Bartson v. Craig, 121 Oh St 371**, wherein it was claimed that a special instruction on contributory negligence was erroneous because it failed to include the rule of negligence as applied to a child. The Supreme Court held that the requested charge constituted a correct proposition of law and if counsel for appellant desired an instruction on the standard of care required of a child, it should have been requested. Under the well-established rule an error of omission in a charge is not prejudicial.

But a charge ought not only to be correct, but to be so adapted to the case and so explicit as not to be misconstrued or misunderstood by the jury in the application of the law to the facts as they may find them from the evidence. **Little Miami Rd. Co. v. Wetmore, 19 Oh St 110.**

The issue for the jury to determine was whether the elevation in the rail, however slight, was such a defect as to show that the city failed to keep the street in repair and free from nuisance. The jury could well infer from the last sentence of the requested charge (without the qualifying phrase found in Cordish v. Bloom, supra) that the defect was not such a difference in grade or unevenness in the street as would make the city responsible. The error was not removed by the special charge given at the request of the plaintiff and the commendably correct general charge. The judgment is therefore reversed and the cause remanded to the Common Pleas Court for a new trial.

Reversed and remanded. Exc. Order See Journal.

CONN and CARPENTER, JJ, concur.